

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. W. Vance
County Attorney
Titus County
Box 207
Mt. Pleasant, Texas

Dear Sir:

Opinion No. O-6730
Re: Whether compensation paid to
County Attorney for handling
special matters for the Court
is to be included in County
Attorney's fees of office.
And other related questions.

We have received your request for our opinion on the above captioned matter, and we quote from your letter as follows:

"In answer to several requests for your opinion, you have sent me several former opinions in reply. In most instances, these opinions have answered my inquiry, but there are three matters that I failed to find answered in these opinions.

"First, is compensation paid to me by the Commissioner's Court for handling special matters for the Court to be included in my fees of office?

"Second, in case the Court authorizes a 25% increase in fees allowed to be retained by officers of this county, would that mean that county officers affected thereby would be allowed to retain all fees up to $3000.00 and 1/3 of the excess, not to exceed $3750.00? In other words, would it affect the amount allowed under Article 3883?

"Third, would such a raise for 1945 ordered by the Court on July 1st mean that a total maximum of $3750.00 could be retained this year or only a total maximum of $3375.00? Or would each half year's fees have to be totaled and figured separately?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. W. Vance,  page 2

In answer to your first question, we quote from an opinion rendered by Honorable Scott Gaines, First Assistant Attorney General of Texas, on January 2, 1935:

"Unless statute provides for the county attorney to represent the county in a civil action, it is not the duty of the county attorney to do so. In cases where the county attorney is required to represent the county and no fee is prescribed, then the compensation of the county attorney is the ex officio compensation that will be allowed under Article 3895, except in cases where a certain amount of money is recovered, then his compensation is that authorized by Article 335.

"In cases where the law does not require county attorney to represent the county, the compensation is that which is agreed upon between the county attorney and the commissioners' court just in the same manner as if some other attorney had been employed by the county."

The Attorneys General of Texas have consistently held that the county attorney is entitled to reasonable compensation for services performed for the county, other than those services required by law, and said "compensation is agreed upon between the county attorney and the commissioners' court just in the same manner as if some other attorney had been employed by the county." We also call your attention to Attorneys General Opinions Nos. O-45, O-225, O-1040, O-1796, O-3599, O-3656, O-4955, O-5263, O-5306, O-5905, and O-6376, copies of which have already been mailed to you.

In connection with your second question, we call your attention to our Opinion No. O-6592, which provides in part as follows:

"The maximum ex-officio compensation which may be allowed said Sheriff is any sum which, when added to other compensation and excess fees allowed to be retained by him under said Articles 3883 and 3891, does not cause such officer to receive a total compensation in excess of Three Thousand Seven Hundred

Honorable L. W. Vance, page 4

of compensation from any source which a county officer of Titus County is allowed to retain cannot exceed Three Thousand Seven Hundred and Fifty Dollars ($3,750.00) per year.

In connection with your third question we call your attention to our Opinion No. 0-6576, which reads in part as follows:

". . . Any increase of salary for the year 1945 must be in the proportion as the balance of the year relates to the total annual increase that may be made under said Act. In other words, if . . . the increase in compensation is allowed as of June 1st, then the increase for 1945 would be 7/12ths. . . . The compensation for the months passed cannot be increased.

"In connection with the foregoing we direct your attention to Art.689a-11, V. A. C. S., which is in part as follows:

"'When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditures of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendments to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted.'"

Applying the above quotation to your specific inquiry, you are advised that if the increase is allowed as of July 1, 1945, then the maximum increase for this year would be 6/12ths. In other words, the maximum compensation that any officer of Titus County could retain for 1945 would be $3375.00.

Honorable L. W. Vance,  page 3

and Fifty Dollars ($3,750.00) per year.  In no event, could the fees of office and ex-officio compensation retained by him exceed the maximum of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00).  In other words, the maximum amount of compensation from any source which he is allowed to retain cannot exceed Three Thousand Seven Hundred and Fifty Dollars ($3,750.00) per year.

". . .

"The 25% increase provided in Senate Bill No. 123 applies to the maximum compensation allowed under Articles 3883 and 3891, V. A. C. S.  Section 2 of Article 3934 has been repealed by said Senate Bill No. 123."

Attorney General's Opinion No. 0-6597 reads in part as follows:

"In view of the foregoing, it is the opinion of this department that Senate Bill No. 123, supra, authorizes the Commissioners' Court, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order raising the maximum compensation allowed by law to an amount not to exceed 25% of the sum allowed for the fiscal year of 1944.  In other words, it allows the Commissioners' Court to raise by 25% the maximum amount of compensation from any source which he is allowed to retain.  The 1/3 excess fees provided for by Article 3891 are included in the maximum.

"Stated another way, no change in the manner and method of computing the total fees and compensation to be allowed such officers was made by Senate Bill No. 123, but it only raised the maximum amount allowed by 25%."

These opinions are applicable to the matters about which you inquire in your second question, "and in no event could the fees of office and the ex-officio compensation retained by him exceed the maximum of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00)." In other words, the maximum amount

Honorable L. W. Vance, page 5

We trust that we have satisfactorily answered your inquiries,

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By                    J. C. Davis, Jr.
                              Assistant

JCD:LJ

APPROVED JUL 31, 1945

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN